IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE BOHLER, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:14-CV-3878-M (BF) |
| CAROLYN W. COLVIN, Acting | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lee Bohler ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that he is disabled due to a variety of ailments, including persistent pain from injuries to his arm, leg, hand, abdomen, and back. *See* Tr. [D.E. 13-3 at 35-38]. Plaintiff contends that he has problems standing up and walking. *See id.* [D.E. 13-3 at 53]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on September 16, 2010 in Miami, Florida before ALJ Frederick McGrath ("ALJ McGrath"). *Id.* [D.E. 13-3 at 33]. Plaintiff proceeded *pro se* during his September 16, 2010 hearing. *See id.* [D.E. 13-3 at 33]. At the time of the September 16, 2010 hearing, Plaintiff was 64 years old. *Id.* [D.E.13-3 at 35]. Plaintiff has past work experience as a fireman and a car salesman. *Id.* [D.E. 13-3 at 35-36]. Plaintiff has completed a year of college. *Id.* [D.E. 13-3 at 83]. Plaintiff has not engaged in substantial gainful activity since 2004. *Id.* [D.E. 13-3

at 58]. At the September 16, 2010 hearing, Plaintiff informed ALJ McGrath that while his permanent address is in Miami, Florida, his daughter came to get him to stay with her in Atlanta, Georgia when he fell and became incapacitated. *See id.* [D.E. 13-3 at 34-35]. Plaintiff stated that he sent his medical records to the Covington office in Georgia, and ALJ McGrath indicated that he did not have Plaintiff's medical records, but that he will request Plaintiff's file from the Covington office. *See id.* [D.E. 13-3 at 33-34, 39-40]. On December 14, 2010, ALJ McGrath issued an unfavorable decision determining that Plaintiff was capable of performing his past work as a car salesman. *See id.* [D.E. 13-3 at 50-51; D.E. 13-4 at 8-12]. However, while ALJ McGrath informed Plaintiff of his right to representation, the record did not include Plaintiff's waiver of his right to representation. *See id.* [D.E. 13-3 at 51]. Therefore, the case was remanded and a second hearing before ALJ Martha Reeves ("ALJ Reeves") was held, so that a waiver of Plaintiff's right to representation could be included in the record, and also so that ALJ Reeves could determine whether Plaintiff could perform his past work as a car salesman. *See id.* [D.E. 13-3 at 15, 45, 51-52].

The second hearing before ALJ Reeves was held in Miami, Florida on October 24, 2011, wherein Plaintiff proceeded *pro se* and a waiver of Plaintiff's right to representation was acquired for the record. *See id.* [D.E. 13-3 at 45, 51-52]. Plaintiff was 65 years old at this hearing. *See id.* [D.E. 13-3 at 61]. Because ALJ Reeves did not have medical records going back to Plaintiff's alleged disability onset date of January 1, 2004, Plaintiff was given 10 days after the hearing to submit additional medical records. *See id.* [D.E. 13-3 at 61]. ALJ Reeves stated at the hearing that Plaintiff only has medical records going back to 2009. *See id.* [D.E. 13-3 at 78-81]. Vocational Expert Edmund Kalandro ("VE Kalandro") testified at Plaintiff's hearing that a hypothetical individual with the following characteristics/limitations could perform the tasks of a customer

service representative: (1) one year of college; (2) 58 years old in age; (3) can only perform sedentary work; (4) has pain and concentration problems which would limit the person to simple, routine, and repetitive tasks; and (5) is not able to close his index finger. *See id.* [D.E. 13-3 at 89-91]. However, VE Kalandro testified that if that hypothetical individual had the additional restrictions of having to take off work two days a week and having to lie down for two hours in the morning and one hour in the afternoon, the individual would not be able to perform the tasks of this position. *See id.* [D.E. 13-3 at 92].

On December 16, 2011, ALJ Reeves issued a decision concluding that Plaintiff has been disabled since January 15, 2009, but that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment prior to that date. *See id.* [D.E. 13-3 at 17]. ALJ Reeves determined that beginning January 15, 2009, Plaintiff has had the following severe impairments: degenerative changes of the lumbar spine, status-post fracture of the distal radius right hand, osteoarthritis, and mild generalized bony demineralization of the right hand. *See id.* [D.E. 13-3 at 18]. ALJ Reeves also determined that since January 15, 2009, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). *See id.* [D.E. 13-3 at 18].

ALJ Reeves determined that since January 15, 2009, Plaintiff has had the Residual Functional Capacity ("RFC") to perform the full range of light work as defined in 20 CFR 404.1567(b). *See id.* [D.E. 13-3 at 19]. ALJ Reeves also determined that Plaintiff could lift and carry and push and pull up to twenty pounds occasionally, and up to ten pounds frequently. *See id.* [D.E. 13-3 at 19]. Further, ALJ Reeves determined that Plaintiff could stand and/or walk for up to four hours in an eight-hour

workday, and that he could sit for up to six hours in an eight-hour workday. *See id.* [D.E. 13-3 at 19]. In addition, ALJ Reeves determined that Plaintiff could only occasionally perform the following: reach with his right arm, handle with his right hand, and perform fine manipulations with his right hand. *See id.* [D.E. 13-3 at 19].

ALJ Reeves determined that Plaintiff's allegations regarding his symptoms and limitations beginning January 15, 2009 to be generally credible, and concluded that a finding of disability is appropriate. *See id.* [D.E. 13-3 at 19]. In making her findings, ALJ Reeves stated that Plaintiff's treatment from his treating physicians were compatible with Plaintiff's symptoms, and that the treating evidence is more persuasive than the consultative report of the state agency. *See id.* [D.E. 13-3 at 19]. Further, ALJ Reeves stated that the treating sources' medical records established that Plaintiff's testimony regarding his physical condition is supported by reports of persistent symptoms, clinical signs, and laboratory findings. *See id.* [D.E. 13-3 at 19]. Having considered the medical records from Plaintiff's January 15, 2009 examination, and through his May 18, 2011 examination, ALJ Reeves determined that the medical evidence supported Plaintiff's subjective complaints of disabling symptoms and impairments. *See id.* [D.E. 13-3 at 19-21]. ALJ Reeves stated that she gave little weight to the state agency medical consultant's physical assessment at Exhibit 1F of the record, because the evidence received at the hearing level showed that Plaintiff is more limited than determined by the state agency consultants, and because the state agency consultants did not adequately consider Plaintiff's subjective complaints. *See id.* [D.E. 13-3 at 21]. ALJ Reeves determined that since January 15, 2009, Plaintiff has not been able to perform any of his past relevant work, Plaintiff does not have any work skills that are transferable to other occupations that are within his RFC, and considering Plaintiff's age, education, work experience, and RFC, there are no jobs that

exist in significant numbers in the national economy that Plaintiff could perform. *See id.* [D.E. 13-3 at 21].

Plaintiff appealed ALJ Reeves' decision to the Appeals Council. *See id.* [D.E. 13-3 at 2]. On September 5, 2014, the Appeals Council affirmed ALJ Reeves' decision. *See id.* [D.E. 13-3 at 2]. The Appeals Council stated that it considered the material submitted by Plaintiff, which consisted of a treatment record dated April 12, 1981 from Baptist Hospital of Miami, Inc., but the Appeals Council stated that the review did not warrant changing ALJ Reeves' decision. *See id.* [D.E. 13-3 at 3]. The Appeals Council noted that the material Plaintiff submitted is not new evidence, because it is an exact copy of Exhibit 5F in the record. *See id.* [D.E. 13-3 at 3]. Plaintiff subsequently filed this action seeking a determination of a disability onset date of January 1, 2004. Pl.'s Br. [D.E. 17 at 1].

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial

> gainful activity will not be found disabled regardless of medical findings;
>
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). Where as here, the plaintiff is proceeding *pro se*, the arguments in the plaintiff's brief should be construed liberally. *See Williams v. Colvin*, No. 5:14-CV-125-C, 2015 WL 566700, at *1 (N.D. Tex. Feb. 10, 2015) (citing *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized.

*Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## ANALYSIS

Plaintiff contends that his disability onset date is January 1, 2004, not January 15, 2009 as determined by ALJ Reeves. *See* Pl.'s Mot. [D.E. 17 at 1]. The Commissioner argues that substantial

evidence supports ALJ Reeves' decision regarding Plaintiff's disability onset date. *See* Def.'s Br. [D.E. 18 at 7]. The Commissioner points out that as ALJ Reeves stated at Plaintiff's October 24, 2011 hearing, while Plaintiff may contend that his disability onset date is January 1, 2004, there is no medical evidence in the record to substantiate Plaintiff's assertion, and further, while ALJ Reeves gave Plaintiff an opportunity to submit additional medical records, Plaintiff failed to do so. *See id.* [D.E. 18 at 6-7]; Tr. [13-3 at 61, 93].

Subjective complaints must be corroborated by objective medical evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Hous. v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989)). Here, while Plaintiff argues that his disability onset date is January 1, 2004, Plaintiff provides no objective medical evidence supporting his contention. Plaintiff was advised at his October 24, 2011 hearing by ALJ Reeves that, in order for her to find Plaintiff disabled, Plaintiff "must have a medically determinable physical or mental impairment that meets the requirements of the Act. To be medically determinable, [Plaintiff's] impairment mu[st] be established by medical evidence, including clinical, diagnostic, and laboratory findings, not [Plaintiff's] testimony alone." Tr. [D.E. 13-3 at 50]. Further, ALJ Reeves informed Plaintiff that he could only get a favorable decision with an onset date substantiated by medical records. *See id.* [D.E. 13-3 at 61]. As the Commissioner points out, ALJ Reeves gave Plaintiff an opportunity to submit additional medical records to substantiate his allegation, but he failed to do so. *See id.* [D.E. 13-3 at 61, 93].

The Social Security Act provides that "[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require." *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (citing 42 U.S.C. § 423(d)(5)(A); *Mathews v. Eldridge*, 424 U.S. 319, 336 (1976)); *see also Hames v. Heckler*, 707 F.2d

162, 165 (5th Cir. 1983) ("It must be remembered that an individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability. . . . To meet her burden and establish disability under the Act, Plaintiff must prove that she is unable to engage in any substantial gainful activity." (citing *Western v. Harris*, 633 F.2d 1204 (5th Cir. 1981))). Here, Plaintiff has failed to furnish evidence supporting his contention that his disability onset date is January 1, 2004.

Upon consideration of the record in this case, the undersigned finds that substantial evidence supports ALJ Reeves' determination that Plaintiff's disability onset date is January 15, 2009. ALJ Reeves' decision was based upon the available medical records for Plaintiff's claim, which dates back to Plaintiff's January 15, 2009 medical examination. *See* Tr. [D.E. 13-8 at 3-5]. ALJ Reeves gave Plaintiff an opportunity to submit evidence to substantiate a January 1, 2004 disability onset date, but Plaintiff failed to do so. The undersigned finds that ALJ Reeves properly determined Plaintiff's disability onset date based on the available medical records.

## **RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, January 21, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).